UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6243-CR-ZLOCH

UNITED STATES OF AMERICA, :

    Plaintiff, :

vs. :

PHYLLIS PITTMAN, :

    Defendant. :
_____/

## DEFENDANT'S MOTION FOR LIMITED DOWNWARD DEPARTURE AND MEMORANDUM OF LAW

COMES NOW the defense and moves this court for a downward departure from the sentencing guidelines and in support thereof states:

This court has authority to depart in any case not falling within the "'heartland,' a set of typical cases embodying the conduct that each guideline describes" which were "carved out" by the Sentencing Commission. U.S.S.G. Introduction, p. 5, Ch. 1, Pt. A, § 4(b). "When the court finds an atypical case ... the court may consider whether a departure is authorized ... the Commission does not intend to limit the kinds of factors, whether or not mentioned elsewhere in the guidelines, that could constitute grounds for departure in the unusual case." *Id.* at 5-6.

Both Congress and the Sentencing Commission agreed that there would be times when various factors about a defendant would make a particular sentence inappropriate. Therefore, both Congress and the Sentencing Commission set out which factors, if substantially different in a case than in the normal or "heartland" case, should be considered as a bases for a downward departure

from the usually appropriate Guideline range. U.S.S.G. Introduction, p. 5, Ch. 1, Pt. A, § 4(b) and

18 U.S.C. § 3553(b). The Guidelines provide:

> The sentencing statute permits a court to depart from a guideline-specified sentence ... when it finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

U.S.S.G. § 1A4(b), quoting 18 U.S.C. § 3553. *See United States v. Ponder*, 963 F.2d 1506, 1509-10 (11th Cir. 1992) (Eleventh Circuit supported a departure "even if the circumstances presented by the case vary only in degree from that presented by the guideline.").

The United States Supreme Court recently addressed the issue of guideline departures, in *Koon v. United States*, 116 S. Ct. 2035 (1996). The Supreme Court's *Koon* decision clarified and reemphasized that sentencing courts still have broad discretion to tailor appropriate sentences to the facts of a case.

Reversing a Ninth Circuit decision which had struck down the downward departures in *Koon*, the Supreme Court unanimously clarified that, from now on, departures should be reviewed on appeal only for abuse of discretion. *Id.* at 2043.[1] This ruling represented a significant change in the law of most Circuits, including this one. Prior to *Koon*, almost every Circuit had held that district court decisions about whether a factor could be used as a valid legal basis for departure must be reviewed *de novo*.

In *Koon*, the Supreme Court went out of its way to stress that its decision was designed to

---

[1] While there were some concurring opinions in *Koon*, all of the Justices joined in the portions of the opinion discussed here, concerning the appropriate standard of review and the need for sentencing judges to retain substantial departure discretion.

2

promote a view of the Sentencing Reform Act that retains much of the traditional sentencing discretion of district judges. While acknowledging the Sentencing Guidelines' goal of uniformity, Justice Kennedy explained:

> This too must be remembered, however. It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. We do not understand it to have been the congressional purpose to withdraw all sentencing discretion from the United States District Judge. Discretion is reserved within the Sentencing Guidelines, and reflected by the standard of appellate review we adopt.

116 S. Ct. at 2053. In addition, "the text of § 3742 manifests an intent that district courts retain much of their traditional sentencing discretion." *Id.* at 2046. In fact, the Supreme Court stated that, unless the Commission itself had "proscribed, as a categorical matter, consideration of the factor," courts should not reject **any** factor as a possible ground for downward departure; rather, "the sentencing court must determine whether the factor, as occurring in the particular circumstances, takes the case outside the heartland of the applicable Guideline." *Id.* at 2051.

In evaluating this "heartland," the Supreme Court cited the Guidelines' own acknowledgment that "the Commission did not adequately take into account cases that are, for one reason or another, **unusual**." *Id.* at 2044 (quoting U.S.S.G. ch. 1, pt. A, Intro. Comment 4(b)) (emphasis added). The Court described the expected process as follows: "A district judge now must impose on a defendant a sentence falling within the range of the applicable Guideline **if the case is an ordinary one.**" *Id.* at 2044. The focus thus should be on whether the facts of a case are "unusual" --or not "ordinary" --with a sentencing court still largely free to tailor an appropriate sentence through departure if the answer is yes. "The relevant question is not, as the Government says, whether a particular factor is

3

within the 'heartland' as a general proposition ... but whether the particular factor is within the heartland **given all the facts of the case.**" *Id.* at 2047. The Supreme Court explained that:

> The [Sentencing Reform] Act did not eliminate all of the district court's discretion, however. Acknowledging the **wisdom, even the necessity,** of sentencing procedures **that take into account individual circumstances,** 28 U.S.C. § 991(b)(1)(B), Congress allows district courts to depart from the applicable guideline range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, **or to a degree,** not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that **should** result in a sentence **different from that described."**

116 S. Ct. at 2044 (quoting 18 U.S.C. § 3553 (b)). The Court emphasized that "[t]he Guidelines ... 'place essentially no limit on the number of potential factors that may warrant departure.'" *Id.* at 2051.

In *Koon*, the majority even upheld, as a valid basis for a downward departure under the facts of that case, the defendants' susceptibility to abuse in prison--a "discouraged factor" that the Commission had stated should not ordinarily be used as a basis for a downward departure. *Id.* at 2053. The Supreme Court also approved of departures based on an **aggregation of factors**, even if none of those factors, when considered alone, provided a sufficient basis to support a downward departure. *Id.* at 2053-54 (remanding for possible reimposition of downward departure despite recognition that district court had found none of the factors individually worthy of departure).

Consistent with *Koon*, the catch-all provision in U.S.S.G. § 5K2.0 authorized this Court generally to depart downward on grounds not specifically mentioned in the Guidelines, any time there exists a mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission. U.S.S.G. § 5K2.0 ("Circumstances that may warrant

4

departure from the guidelines pursuant to this provision cannot, by their very nature, be comprehensively listed and analyzed in advance").

### **Extraordinary Family Obligations**

There is a special factor that exists in this case that is not mentioned within the guidelines and which is an accepted ground for downward departure. That factor is extraordinary family obligations. This is an approved ground for departure. *United States v. Dyce*, 91 F.3d 1462 (D.C. Cir. 1996) (guidelines permit departures when family circumstances are extraordinary); *United States v. Adamo*, 994 F.2d 942 (1st Cir. 1993) (defendant entitled to new sentencing when district court thought it lacked authority to depart based on unusual family factors); *United States v. Galante*, 111 F.3d 1029 (2nd Cir. 1997) (district court did not abuse discretion in granting departure based on extraordinary family circumstances); *United States v. Haversat*, 22 F.3d 790 (8th Cir. 1994) (severe psychiatric problems of defendant's wife was exceptional family circumstance justifying departure).

In the instant case, Miss Pittman has two boys, Charles, age 15 and Matthew, age 14, that suffer from Attention Deficit Disorder (ADD). This diagnosis is documented in the PSI at page 8, paragraph 35. As a single parent Ms. Pittman has the sole responsibility for the care of these boys, who can be extremely difficult to handle. Both boys are prone to fits of explosive, uncontrollable anger and rage. They need to be kept on a strict routine and medicated at precisely the appropriate times. It would be very difficult for anyone other than Ms. Pittman to care for the boys. Ms. Pittman's ex-husband and the father of the boys is unable to provide help or support as he is a mental patient who is currently institutionalized at Columbia Medical Center in West Palm Beach, after having been Baker Acted. Neither Ms. Pittman's mother or two sisters, who live locally, have been capable of caring for the boys in the past. The results of inadequate care could be potentially

5

disastrous.

The facts of the instant case are substantially similar to *United States v. Scalmo*, 997 F.3d 970 (1st Cir. 1993) (affirmed downward departure for defendant who developed special relationship with boy suffering ADD and presence was necessary for progress of child) and *United States v. Haversat*, 22 F.3d 790 (8th Cir. 1994) (in antitrust case, where husband's care is critical to well being of mentally ill wife, downward departure upheld). The position and ability Ms. Pittman has to care for these two boys is unique. It would be difficult if not impossible for anyone else to adequately care for and cope with these special needs children. This is certainly a factor that takes the present case outside the heartland of cases typically seen. Accordingly, Ms. Pittman requests that this Court grant a limited <u>two</u> level departure which would place her in Zone A of the guidelines. This would preclude the necessity of 30 days incarceration as is presently required by Zone B.

WHEREFORE, the defendant requests that this court grant this motion for a downward departure.

          Respectfully submitted,

          KATHLEEN M. WILLIAMS
          FEDERAL PUBLIC DEFENDER

By: _____
     Timothy M. Day
     Assistant Federal Public Defender
     Florida Bar No. 360325
     101 N.E. 3rd Avenue
     Suite 202
     Fort Lauderdale, Florida 33301
     (954) 356-7436 ext. 108
     (954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this _5_ day of February, 2001 to Robin Rosenbaum, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301 and to Georgann Stanley, United States Probation Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301.

Timothy M. Day

S:\DAY\Pittman\DEPART.1