UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6243-CR-ZLOCH

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | **NIGHT BOX FILED** |
| vs. : | **FEB 1 3 2001** |
| PHYLLIS PITTMAN, : | CLARENCE MADDOX CLERK, USDC / SDFL / FTL |
| Defendant. : | |
| _____/ | |

## RESPONSE TO ADDENDUM TO PRESENTENCE REPORT

The defendant, through counsel, files this response to the Addendum to the Presentence Report filed by United States Probation.

On February 9, 2001, the Office of United States Probation filed an addendum to the Presentence Report to respond to Ms. Pittman's Motion for Downward Departure based on extraordinary family obligations, those obligations consisting of the fact that she is the sole person able to care for her two sons who suffer from ADD and who are prone to fits of uncontrollable anger and rage.

The addendum by probation opposes the downward departure request. The addendum notes that the boys are presently attending school and are stable. This is true. However, the very reason they are stable is because of Ms. Pittman's strict regimen and unique ability to communicate and care for her two sons. No one else is able to do this. No other family members have been able to handle the boys for even short periods of time, much less 30 days (which will be required if the downward

31

departure is denied). Other family members have tried to supervise and control the boys -- they have failed.

In support of its opposition to the motion, the addendum cites United States v. Allen, 87 F.3d 1224 (11th Cir. 1996) and United States v. Mogel, 956 F.2d 1555 (11th Cir. 1992). Both these cases are factually distinguishable. First, in Allen the court found that the circumstances of the defendant as the primary caretaker of a parent suffering from Alzheimer's and Parkinson's not to be extraordinary. Importantly, the court noted that the defendant was not the only family member available to care for her father. The court in Allen determined, through the PSI, that the defendant's husband and adult son presently take care of the parent. Allen at 1226, n. 2. In the instant case, Ms. Pittman is the sole person able to care for her boys. Ms. Pittman's ex-husband is a mental patient incapable of caring for himself and Ms. Pittman's mother and two sisters have demonstrated previously they are incapable of handling the boys.

Secondly, Mogel found that the defendant's support of two minor children not to be extraordinary as the circumstances were no different than any other case where a parent goes to prison. Mogel at 1565. The matter before the court is very different. Not all defendants subject to prison face the prospect of having a lack of proper care for two boys with mental infirmities that have the potential to harm themselves and others. This is not a scenario found by all or even many defendants. These are circumstances that are rather specific to this case.

In sum, it is the special relationship that Ms. Pittman has with these boys, coupled with her unique ability to care for, cope with and discipline them that, along with the complete absence of anyone else, distinguishes this case from those cited and takes this case out of the heartland of cases typically seen.

2

Accordingly, Ms. Pittman requests that this Court find her family obligations to be extraordinary and grant her a <u>limited</u> two level downward departure from the sentencing guidelines.

                Respectfully submitted,

                KATHLEEN M. WILLIAMS
                FEDERAL PUBLIC DEFENDER

By: _____

        Timothy M. Day
        Assistant Federal Public Defender
        Florida Bar No. 360325
        101 N.E. 3rd Avenue
        Suite 202
        Fort Lauderdale, Florida 33301
        (954) 356-7436 ext. 108
        (954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this 14th day of February, 2001 to Robin Rosenbaum, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301 and to Georgann Stanley, United States Probation Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301.

_____
Timothy M. Day

S:\DAY\Pittman\Response.01.wpd

3